HIEPLER & HIEPLER
A Professional Corporation
MARK O. HIEPLER,  (S.B.N. 140977)
GINA M. CLEMOW.  (S.B.N. 218376)
CHRISTOPHER J. BRANTINGHAM, (S.B.N. 261782)
634 Camino Tierra Santa, Suite 101
Camarillo, CA 93010
Telephone:     (805) 988-5833
Facsimile:     (805) 988-5828
e-mail:           ginaclemow@hieplerlaw.com
e-mail:           chrisbrantingham@hieplerlaw.com


McGUINN, HILLSMAN & PALEFSKY
A Professional Corporation
JOHN R. HILLSMAN  (S.B.N. 71220)
ABRAHAM F. HILLSMAN (S.B.N 241810)
220 Jackson Street, Suite 350
San Francisco, CA   94111
Telephone:     (415) 421-9292
Facsimile:     (415) 403-0202
e-mail:           jrhillsman@mhpsf.com
e-mail:           bfh@mhpsf.com

Attorneys for RESPONDENTS and COUNTER CLAIMANTS
JULIE LINDSAY, SCOTT GRAPENSTATER, AMY FRIDUSS,
and JANET TARANTINO

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## IN ADMIRALTY

| | |
|---|---|
| IN RE: COMPLAINT AND PETITION OF OWNERS OF THE M/V OVER THE MOON FOR EXONERATION FROM OR LIMITATION OF LIABILITY | Case No.: 2:25-cv-03680-TLN-CSK |
| | **RESPONDENTS' AND COUNTER-CLAIMANTS' MOTION FOR ADMINISTRATIVE RELIEF REQUESTING RECONSIDERATION OF THE COURT'S JUNE 1, 2026, MINUTE ORDER DENYING PETITIONER'S REQUEST FOR ENTRY OF DEFAULT AGAINST ALL NON-APPEARING CLAIMANTS (*ECF NO. 20*)** |
| | **L.R. 233** |
| | Judge: Hon. Troy L. Nunley |
| | Trial Date: To Be Assigned |

1

*Respondents' and Counter Claimants' Motion for Administrative Relief Requesting Reconsideration*

**RELIEF REQUESTED**

COME NOW RESPONDENTS AND COUNTER-CLAIMANTS JULIE LINDSAY, SCOTT GRAPENSTATER, AMY FRIDUSS, and JANET TARANTINO who herewith respectfully move the Court, under Local Rule 233(a), to reconsider its June 1, 2026, Minute Order Denying Petitioner JORDAN SUGAR-CARLSGAARD's Request for Entry of Default Against All Non-Appearing Claimants.

**THE RELEVANT BACKGROUND INFORMATION**

On June 21, 2025, the registered owners of the twenty-eight-foot Chris Craft *Over the Moon* took ten people out for a pleasure cruise on Lake Tahoe that ended in a tragedy which killed eight of them. *ECF No. 1* at 2:5-24. On December 19, 2025, those owners' successor in interest, Petitioner SUGAR-CARLSGAARD, filed the instant action for relief under the Limitation of Liability Act ("LOLA"), 46 U.S.C. §§ 30501-30529.

LOLA is a "vestige of a time gone by." *Esta Later Charters v. Ignacio*, 875 F.2d 234, 239 (9th Cir. 1989). It was passed in 1851, *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001), more than a century before the merger of admiralty and law or the adoption of the Federal Rules of Civil Procedure. See gen. David W. Robertson, "Admiralty Procedure and Jurisdiction After the 1966 Unification," 74 MICH. L. REV. 1627 (1976). Since the 1851 Act was "badly drafted even by the standards of the time," the Supreme Court promulgated a set of "Supplementary Rules of Practice in Admiralty" in 1872 to spell out its procedures. *Lewis*, 531 U.S. at 447 (internal quotation marks and citations omitted). Those procedures are now set forth in Supplemental Admiralty and Maritime Claims Rule F.

> Much like its predecessor provisions, Rule F sets forth the process for filing a complaint seeking exoneration from, or limitation of, liability. The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Lewis*, 531 U.S. at 448. Those procedures run famously afoul of the "saving-to-suitors" clause,

*Respondents' and Counter Claimants' Motion for Administrative Relief Requesting Reconsideration*

see *id* at 442 (citing 28 U.S.C. § 1333(1)), and have two core functions: First, they limit an owner's liability to the value of the vessel "if the loss occurred without the vessel owner's privity or knowledge" and; Second, they marshal a *concursus* in multi-claim cases to provide *pro rata* distribution "if the claims together exceed the limitation fund." *Newton v. Shipman*, 718 F.2d 959, 961 (9th Cir. 1983). Since the claims herein clearly exceed the value of the *ad interim* limitation fund, this motion addresses the issue of *concursus*.

Petitioner SUGAR-CARLSGAARD invoked LOLA's protections on December 22, 2025, when she asked this Court for an *Ex Parte* Monition (1) directing all the victims of the June 21, 2025, tragedy to litigate their claims against *Over the Moon's* owners in the Eastern District of California and (2) enjoining the prosecution of such claims in any other forum. See *ECF No. 6* at 2:3-9. This Court granted those requests on December 29, 2025:

> Enjoining "the beginning or continued prosecution of any and all suits, actions or legal proceedings of any nature or description whatsoever" against *Over the Moon's* owners "except in the present proceeding, in respect of any claim arising out of, consequent upon, or in connection with" the June 21, 2025, tragedy, *ECF No. 8* at 2:23-27;

> And directing "all persons having such claims" to appear in this action and "file them with the Clerk of this Court" under Supplementary Admiralty Rule F "***on or before the 2nd day of March, 2026***," or "***be defaulted and forever barred from such a claim.***" *Id*. at 2:4-10 (emphasis added); see also *ECF No. 9* at 4:1-16.

Respondents and Counter-Claimants LINDSAY, GRAPENSTATER, FRIDUSS, and TARANTINO are the only ones who complied with that March 2, 2026, deadline. See *ECF Nos. 11* and *11-1*. On May 20, 2026 -- after satisfying all the procedural requirements set forth in the Federal Rules of Civil Procedure, this district's Local Rules, Supplemental Admiralty Rule F, and this Court's December 29, 2026, Monition -- Petitioner SUGAR-CARLSGAARD therefore requested the "default of non-appearing claimants in the above-entitled matter on the grounds that the Monition (*ECF No. 9*) issued by this Court was duly published (*ECF No. 16-1*) along with additional notice being provided (*ECF No. 16*) requiring all potential claimants to file claims and/or answers relating to this matter on or before March 2, 2026." *ECF No. 17*. The Court denied that request by Minute Order dated June 1, 2025, on the ground that it was "unnecessary to enter judgment as to non-appearing claimants." *ECF No. 20*.

*Respondents' and Counter Claimants' Motion for Administrative Relief Requesting Reconsideration*

Respondents and Counter-Claimants LINDSAY, GRAPENSTATER, FRIDUSS, and TARANTINO take respectful exception to that Minute Order.   They are seeking administrative relief under Local Rule 233 because Petitioner's default request bears directly on and is demonstrably necessary to their April 9, 2026, Motion for an Order Dissolving the Anti-Suit Injunction and Abating All Further Proceedings in Admiralty.  *ECF Nos. 12* and *12-1.*

## THE REASONS SUPPORTING THE REQUEST

"When a vessel owner files a complaint in district court for limitation of liability pursuant to statute, that court is empowered to establish a 'monition period' during which all claimants must file their respective claims under pain of default." *Am. Commercial Lines, Inc. v. United States*, 746 F.2d 1351, 1352 (8th Cir. 1984) (citing Fed. R. Civ. P., Supp. R. F(4)).  This Motion for administrative relief seeks to enforce that monition period.

> 'If a plaintiff-in-limitation satisfies the procedural requirements under the Federal Rules of Civil Procedure, the Local Rules, and the notice requirements of Supplemental Admiralty Rule F, courts have discretion to grant default judgment against claimants who do not answer.' *Matter of Pamela Rose Holdings, LLC,* 2019 U.S. Dist. LEXIS 227744, 2019 WL 7987927, at *1-4 (C.D. Cal. Feb. 5, 2019) (citing *Matter of Duley*, 2017 U.S. Dist. LEXIS 225618, 2017 WL 8180609, at *2 (C.D. Cal. July 11, 2017); *In re Burchell Enters., Inc.*, 2005 U.S. Dist. LEXIS 48495, 2005 WL 1154302, at *2 (N.D. Cal. May 16, 2005) (entering default judgment against all non-appearing claimants); see also *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
>
> The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiffs substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

*In re Complaint of Redondo Special, LLC*, 2022 U.S. Dist. LEXIS 156454, *5-*8, 2022 WL 39100942022 (C.D. Cal. Aug. 29, 2022) (brackets omitted).

Petitioner SUGAR-CARLSGAARD satisfied all those factors and the Court should therefore enter a default against any non-appearing parties so that: (1) A *concursus* may be marshalled herein, and: (2) The Petitioner, the Respondents and Counter-Claimants, and the Court may all know exactly who will be vying for the limitation fund when the Court hears

*Respondents' and Counter Claimants' Motion for Administrative Relief Requesting Reconsideration*

Petitioners' and Counter-Claimants' Motion for an Order Dissolving the Anti-Suit Injunction and Abating All Further Proceedings in Admiralty. *ECF Nos. 12* and *12-1*. As that Motion explains, where, as here, all litigants who brought timely LOLA claims proffer a stipulation protecting the petitioner's right to limitation, the LOLA action becomes "the functional equivalent of a single-claim case" and must be abated until those litigants have had an opportunity to exercise their "saved" Constitutional right to try their claims at law before a state or federal jury under the so-called "*Langnes* Rule of Abstention." See *ECF No. 12-1* at 14:3-16:17 (citing *Newton*, 718 F.2d at 962; *In re Williams Sports Rentals, Inc.*, 90 F.4th 1032, 1038 (9th Cir. 2024); and *Beiswenger Enters. Corp. v. Carletta*, 86 F.3d 1032, 1044 (11th Cir. 1996) *inter alia*); see also *In re Complaint of McCarthy Bros. Co.*, 83 F.3d 821, 832-833 (7th Cir. 1996). That, after all, was one of the core purposes of the Monition this Court entered on December 29, 2026. *ECF Nos. 8* and *9*.

## CONCLUSION

WHEREFORE Respondents and Counter-Claimants LINDSAY, GRAPENSTATER, FRIDUSS, and TARANTINO respectfully request the Court to reconsider its Minute Order of June 1, 2026, and grant Petitioner JORDAN SUGAR-CARLSGAARD's Request for Entry of Default Against All Non-Appearing Claimants so your Movants may assert their saved rights under the *Langnes* Rule.

Dated:   June 2, 2026

HIEPLER & HIEPLER
McGUINN, HILLSMAN & PALEFSKY

By:  /s/ John R. Hillsman
     John R. Hillsman
Attorney for RESPONDENTS and
COUNTER-CLAIMANTS JULIE
LINDSAY, SCOTT GRAPENSTETER,
AMY FRIDUSS, and JANET
TARANTINO

*Respondents' and Counter Claimants' Motion for Administrative Relief Requesting Reconsideration*