B. Otis Felder, Esq. (CSB No. 177628)
*CSB Certified Admiralty & Maritime Specialist*
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
655 Montgomery Street, Suite 900
San Francisco, CA 94111
Telephone: (415) 433-0990
Facsimile: (415) 434-1370
Otis.Felder@wilsonelser.com

Attorneys for Petitioner and Plaintiff-in-Limitation
JORDAN SUGAR-CARLSGAARD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
IN ADMIRALTY

In Re: Complaint and Petition of Owners of the M/V OVER THE MOON for Exoneration from or Limitation of Liability,

Petitioner and Plaintiff-in-Limitation.

AND RELATED CLAIMS

Case No. 2:25-cv-03680-TLN-CSK

Hon. Troy L. Nunley
Chief United States District Judge

**ORDER ON STIPULATION PRESERVING PETITIONER'S ADMIRALTY RIGHTS, LIFTING THE ANTI-SUIT INJUNCTION, AND ABATING PROCEEDINGS IN ADMIRALTY**

The Court has considered the Stipulation for Order Preserving Petitioner's Admiralty Rights, Lifting the Anti-Suit Injunction, and Abating Proceedings in Admiralty (ECF No. 25) (the "Stipulation"), entered into by Petitioner and Plaintiff-in-Limitation JORDAN SUGAR-CARLSGAARD, as Successor Trustee of the Bozinovich and Pickles Family Trust dated March 25, 2019, as Administrator of the Estate of Joshua Antony Pickles, and as representative of the Estate of Paula Bozinovich and the Estate of Terry Pickles ("Petitioner"), and Respondents and Counter Claimants JULIE LINDSAY, SCOTT GRAPENSTATER, AMY FRIDUSS, and JANET TARANTINO ("Counter Claimants"), through their counsel of record, pursuant to Federal Rule of Civil Procedure 6(b)(1)(A), Local Rule 230(f), and the Court's Civil Standing Order.

/ / /

/ / /

In the Stipulation, the parties agree that the instant limitation action under the Limitation of Liability Act ("LOLA"), 46 U.S.C. § 30501 *et seq.*, should be stayed and abated so that Counter Claimants may exercise their rights under the saving-to-suitors clause, 28 U.S.C. § 1333(1), to try their *in personam* claims at law before a jury in the Superior Court of California, County of San Francisco, while preserving this Court's exclusive jurisdiction in admiralty to determine Petitioner's right to exoneration from or limitation of liability. *See Langnes v. Green*, 282 U.S. 531, 540 (1930); *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451 (2001); *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983). Counter Claimants have stipulated to the value of the limitation fund, to this Court's exclusive jurisdiction over limitation issues, and to waive any res judicata or collateral estoppel effect of the state court proceedings on those issues.

Good cause appearing, the Court APPROVES the Stipulation and ORDERS as follows:

1. Stay and Abatement. This action is STAYED and ABATED until Counter Claimants have had an opportunity to exercise their saved right under 28 U.S.C. § 1333(1) to try their claims at law before a jury in the Superior Court of California, County of San Francisco (the "State Court Action").

2. Lifting of Injunction as to Counter Claimants. The injunction entered December 29, 2025 (ECF No. 8 at 2:23–27) prohibiting the prosecution of suits, actions, or legal proceedings in any other forum is LIFTED as to Counter Claimants JULIE LINDSAY, SCOTT GRAPENSTATER, AMY FRIDUSS, and JANET TARANTINO, who have expressly entered into the Stipulation, solely to permit them to file and prosecute their claims in the State Court Action, without waiving any party's rights under California Code of Civil Procedure § 170.6.

3. Lifting of Injunction as to Petitioner. The Rule F injunction is also LIFTED as to Petitioner, on behalf of herself and the vessel-owning interests she represents, and their insurers, to permit them to pursue others on any and all claims or causes of action in

/ / /

the State Court Action or otherwise, without prejudice to any rights asserted in this proceeding.

4. Cross-Claims and Related Claims. Any cross-claims, claims for contribution or indemnity, or other claims arising out of the June 21, 2025 capsizing of the *M/V OVER THE MOON* on Lake Tahoe (the "Subject Accident"), except Petitioner's claims for exoneration from or limitation of liability under 46 U.S.C. § 30501 *et seq.*, shall be filed and prosecuted in the State Court Action. The Court notes, as the parties have stipulated, that Counter Claimants are the only claimants to have answered the Complaint and filed timely claims in response to the Monition (ECF Nos. 9, 11, 11-1), and that no other claims have been asserted or are pending in this proceeding at this time. Accordingly, the default requested (ECF No. 17) is also hereby entered barring any further claims.

5. Limitation Fund. The value of the ad interim limitation fund is $1,000.00, as previously approved by the Court (ECF No. 9 at 2:4–7).

6. Exclusive Jurisdiction over Limitation. This Court retains exclusive jurisdiction to determine Petitioner's right to exoneration from or limitation of liability under the Limitation of Liability Act. Counter Claimants shall not seek a determination of those issues in any other proceeding and have waived any res judicata or collateral estoppel effect that an intervening adjudication in the State Court Action might have on Petitioner's right to limitation.

7. No Enforcement Pending Limitation Ruling. Counter Claimants shall not seek to enforce any judgment rendered in any other forum against Petitioner until this Court has adjudicated Petitioner's right to limitation. If the Court determines that Petitioner is entitled to limit liability, Counter Claimants shall not seek to enforce any judgment requiring Petitioner to pay damages in excess of the limitation fund.

8. Priority and Distribution. If the Court determines that Petitioner is entitled to limit liability, (a) any legal costs awarded shall have first priority against the limitation fund; (b) Counter Claimants shall divide evenly among themselves, on a pro rata basis, the portion of the limitation fund remaining after that priority is satisfied, and shall accept that

pro rata sum in full satisfaction of any judgment rendered against Petitioner; and (c) Counter Claimants shall file notices of withdrawal of their claims in any other pending state court matters, including the pending probate actions involving Petitioner.

9. Notice of Final Adjudication. Petitioner shall notify this Court of the final adjudication (including any appeal) of the State Court Action within fifteen (15) days of its conclusion. Upon such notice, the stay of this action shall be lifted and the Court will set further proceedings.

10. Status Reports. While the stay is in effect, the parties shall file a joint status report every one hundred eighty (180) days from the date of this Order, describing the status of the State Court Action.

11. Retention of Jurisdiction; Reinstatement. The Court retains jurisdiction to enforce the terms of the Stipulation and this Order, to adjudicate Petitioner's right to exoneration from or limitation of liability, and to lift the stay and reopen or reinstate this action upon notice under Paragraph 9, upon the motion of any party, or on the Court's own motion. Should any party or nonparty seek to adjudicate rights or remedies within this Court's exclusive jurisdiction, or for other good cause, Petitioner and/or Counter Claimants may apply to this Court for appropriate relief.

12. Pending Motion. In light of the Stipulation, Respondents' Motion to Dissolve the Rule F Injunction (ECF No. 12) is DENIED as MOOT.

13. Administrative Closure. The Clerk of the Court is directed to administratively close this case for statistical purposes. Administrative closure shall not constitute a dismissal or a decision on the merits and shall not prejudice any party's rights.

**IT IS SO ORDERED.**

Dated: November 24, 2026

Troy L. Nunley
Chief United States District Judge